# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SANDRA MCNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CV-06064-RK-SSA |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's (ALJ) findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2001) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should

"defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

**Discussion**

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: degenerative changes of the cervical spine; mild bilateral carpal tunnel; chronic obstructive pulmonary disorder; and osteoarthritis of the hands. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). The ALJ found, that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work[1] with the following limitations: Plaintiff can occasionally climb stairs, ramps, ladders, and scaffolds; occasionally stoop and crouch; never crawl; and occasionally tolerate hazards such as unprotected heights, hazardous machinery, and pulmonary irritants such as fumes, odors, dust, and gases. The ALJ also determined that Plaintiff is able to perform her past relevant work as a telemarketer. Consequently, the ALJ found that Plaintiff is not disabled and that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

Plaintiff brings the following arguments on appeal: (1) whether the ALJ properly considered and weighed the medical opinions; and (2) whether the ALJ properly discredited Plaintiff's credibility.

First, Plaintiff argues the ALJ did not properly consider the medical opinions of Dr. Lomax and Dr. Kwock when formulating the RFC.[2] Plaintiff contends there is not substantial evidence in the record to support the ALJ's decision to afford consultative examiner Dr. Lomax's narrative opinion some weight and her subsequent functional capacity assessment little weight.[3] The ALJ

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567.

[2] Plaintiff's briefing references the weight the ALJ gave to Dr. Mitchell Mullins' opinion; however; Plaintiff does not provide any analysis as to this opinion. Therefore, it will not be discussed.

[3] Dr. Lomax's narrative opinion states that Plaintiff could stand and walk two hours out of an eight hour work day, continuously sit, and lift up to twenty pounds. In a medical source statement, Dr. Lomax

discounted Dr. Lomax's narrative opinion and her subsequent functional capacity assessment due to the inconsistencies between the two reports.[4] *See Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016) (the ALJ may discount a medical opinion if the medical opinion is internally inconsistent).

Next, Plaintiff argues the ALJ erred in awarding medical expert Dr. Kwock's opinion considerable weight.[5] The ALJ gave Dr. Kwock's opinion considerable weight for the following reasons: he is a board certified orthopedist; he is aware of all evidence in the record; he is familiar with the Social Security Administration disability program and evidentiary requirements; and his opinion is consistent with the overall record.[6] *See Ponder v. Colvin*, 770 F.3d 1190, 1195 (8th Cir. 2014) (opinions from non-examining medical consultants may be entitled to greater weight than the opinion of treating or examining sources if the non-examining medical opinions are more supported by the record); SSR 96-6P at *3 ("[i]n appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources"). Accordingly, substantial evidence exists in the record to support the ALJ's weighing of Dr. Lomax and Dr. Kwock's opinion.

Second, Plaintiff has argued the ALJ's credibility analysis is not supported by substantial evidence. Specifically, Plaintiff has argued the ALJ did not properly consider the medical record

---

reported that Plaintiff could lift up to 100 pounds occasionally and carry up to 50 pounds. She also noted that Plaintiff could sit for seven hours of eight, stand or walk two hours out of an eight-hour day for one hour at a time, and could occasionally finger and frequently handle with her hands.

[4] In other portions of Dr. Lomax's narrative opinion, Dr. Lomax found that Plaintiff could only stand or walk for two hours in an eight-hour workday, but Dr. Lomax's functional capacity assessment stated that Plaintiff was able to ambulate normally, her motor strength was 5/5, her sensation was intact, and straight leg raising was negative. Further, Dr. Lomax's narrative opinion found that Plaintiff could only occasionally finger with her hands, but Dr. Lomax's functional capacity assessment indicated only mild carpal tunnel syndrome.

[5] Dr. Kwock opined that the claimant retained the capacity for a range of light work, including the ability to frequently finger and feel with her hands. Dr. Kwock also found that Plaintiff had additional postural and environmental limitations consistent with the RFC.

[6] Dr. Kwock's opinion concerning Plaintiff's ability to sit, stand, and walk unassisted is corroborated by the reports of examining Drs. Mullins, Lennard, and Lomax. Additionally, Dr. Kwock's opinion concerning Plaintiff's ability to frequently finger and feel with her hands is supported by the reports of Drs. Lennard, Al-Shathir, and Lomax.

3

and Plaintiff's limited activities of daily living.[7] The Court will "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Guilliams v. Barnhart*, 393 F.3d at 801. Substantial evidence exists in the record to support the ALJ's consideration of Plaintiff's subjective complaints and the objective medical evidence.[8] *See Ponder*, 770 F.3d at 1195-96 (substantial evidence in the record supported the ALJ's credibility determination where the plaintiff had the following extensive activities of daily living: laundry, light housework, cooking meals, and grocery shopping). Accordingly, substantial evidence supports the ALJ's credibility determination.

## Conclusion

Having carefully reviewed the record before the Court and parties' submissions on appeal, the Court concludes the substantial evidence on the record as a whole supports the ALJ's decision. Accordingly, the decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 28, 2019

---

[7] Plaintiff has the following activities of daily living: ability to sit for an extended period of time, including long enough to watch television; preparing breakfast and dinner for her and her husband; caring for their dog; performing household chores; and using a tractor to feed farm animals.

[8] Plaintiff has reported episodes of numbness and tingling in her hands with inconsistent descriptions. Plaintiff's testimony at the hearing (where Plaintiff reported her hands went numb often and she could not use them for very long) and her description to Dr. Lennard in January of 2016 (where Plaintiff describes her occurrences of numbness as only occasional) were inconsistent. Plaintiff's testimony further conflicts with the objective medical diagnosis of only mild carpal tunnel syndrome. Further, although Plaintiff has a history of shoulder, neck, and back pain, the ALJ noted that her examinations indicate Plaintiff is able to ambulate normally and without the use of any assistive device. In a consultative evaluation with Dr. Lomax, Plaintiff's gait was normal and Plaintiff was able to squat to the floor and recover. Although Plaintiff complained of hand numbness and trouble gripping, the objective medical evidence revealed no deficits in asymmetrical reflex, sensory, and motor function.